IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL HEILBRUN**,

    Plaintiff,

    v.

**HEATHER VILLANUEVA, et al.**,

    Defendants.

Case No. 3:14-cv-1706-SI

**OPINION AND ORDER**

Michael Elbert Heilbrun, SID #11035478, Oregon State Penitentiary, 2605 State Street, Salem, OR 97301, *pro se*.

Ellen F. Rosenblum, Attorney General, and Vanessa A. Nordyke, Assistant Attorney General, DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants Acarregui, Akana-Seawater, Archer, Bauer, Boman, Callahan, Clayton, Cochell, Deacon, Dieter, Edison, Enriquez, Espinoza, Eynon, Frazier, Giblin, Gruenwald, Hoskins, Hunter, Jorgensen, Lytle, McFarland, Miller, Milligan, Myrick, Norton, Oregon Department of Corrections, Peters, Piper, Robbins, Rowell, Shelton, Steffey, Vanderkooy, Villanueva, Wanous, Willis, Wilson, Zumwalt.

**Michael H. Simon, District Judge.**

    Plaintiff Michael Heilbrun filed this *pro se* prisoner rights suit on October 27, 2014. Dkt. 1. Plaintiff's amended complaint alleges a number of constitutional claims under 42 U.S.C. § 1983, including deliberate indifference, deprivation of due process, and violations of freedom

of speech, against the Oregon Department of Corrections ("ODOC") and several of its employees. Dkt. 94. Plaintiff's claims arise from the time in 2014 and 2015 when he was housed at the Coffee Creek Correctional Facility and the Two Rivers Correctional Institution ("TRCI"). *Id.* at 3. On December 7, 2015, the ODOC transferred Plaintiff from TRCI to the Oregon State Penitentiary ("OSP"). Dkt. 191 ¶¶ 2-3. Defendants have moved for partial summary judgment (Dkt. 150) and for summary judgment (Dkt. 158). Plaintiff's responses to these motions are due July 18, 2016. Dkt. 209.

Now before the Court is Plaintiff's "Motion to Continue Plaintiff on His Previous Regimen of Medication and Full Access to the Law Library" (Dkt. 189). Plaintiff makes two requests in his motion: (1) that the Court enter an order allowing Plaintiff access to the OSP law library for five full days a week until judgment is entered in this case; and (2) that the Court enter an order returning Plaintiff to his former regimen of pain medication until judgment is entered in this case or until he receives surgery for his herniated disc. *Id.* ¶¶ 6, 8.

The Court construes Plaintiff's requests as motions for preliminary injunctive relief regarding his access to the law library and prescription of pain medication. *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). The Ninth Circuit has held that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The Ninth Circuit explains the nature of the required relationship as follows:

> [It] requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently

PAGE 2 – OPINION AND ORDER

> strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *De Beers Consol. Mines*[ *v. United States*, 325 U.S. 212, 220 (1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation*, 810 F.3d at 636.

Applying this rule, Plaintiff's motion for preliminary injunctive relief regarding his access to the law library does not have a sufficient nexus or relationship to the underlying amended complaint. Plaintiff did not plead a claim in his amended complaint regarding access to the law library or courts, nor does his motion for injunctive relief request relief of the same nature that ultimately may be granted in his lawsuit. *See generally* Dkt. 94. Thus, this Court lacks authority to grant the relief requested. *Pac. Radiation*, 810 F.3d at 636. In the interest of judicial economy, however, the Court explains below that even if Plaintiff's motion for injunctive relief for access to the law library is considered on the merits, the motion likely would be denied.

Regarding Plaintiff's motion for reinstatement of his pain medication, Plaintiff's amended complaint brings a claim for deliberate indifference to his serious medical needs resulting from the removal of his narcotic pain medication upon his arrival at TRCI in 2014. Dkt. 94 at 21. Plaintiff is now alleging a deliberate indifference claim against Dr. Reed Paulson for discontinuing his narcotic pain medications in 2016 while at OSP. Dkt. 213 at 1. Plaintiff did not name Dr. Reed Paulson as a defendant in his amended complaint. *See generally* Dkt. 94. Plaintiff's amended complaint, however, does request injunctive relief regarding pain medication. *Id.* at 38. Thus, a sufficient nexus between the claim raised in the motion for injunctive relief and the claims set forth in the underlying amended complaint exists because "the preliminary injunction would grant relief of the same character as that which may be granted finally." *Pac. Radiation*, 810 F.3d at 636 (quotation marks omitted). Accordingly, Plaintiff's

PAGE 3 – OPINION AND ORDER

motion for a preliminary injunction returning Plaintiff to his former regimen of pain medication properly is before the Court.

## STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to the plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

Additionally, the Prison Litigation Reform Act provides:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any

PAGE 4 – OPINION AND ORDER

>adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity [between federal and state or local law] in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry . . . .

18 U.S.C. § 3626(a)(2).

## DISCUSSION

### A. Law Library Access

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. The Court clarified in *Lewis v. Casey*, 518 U.S. 343 (1996), that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Id.* at 351. Rather, *Bounds* requires a showing of actual injury and a plaintiff must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* The *Lewis* Court explained that a plaintiff may demonstrate actual injury in the following ways:

>He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id.* at 351. Similarly, the Ninth Circuit has held that a plaintiff sufficiently alleged actual injury under *Lewis* where the plaintiff claimed that he was denied access to the law library such that he was prevented from filing a brief in support of his appeal of his state court conviction. *Hebbe v. Pliler*, 627 F.3d 338, 342-43 (9th Cir. 2010).

PAGE 5 – OPINION AND ORDER

Plaintiff alleges that he has been denied full access to the law library at OSP due to retaliation on the part of defendants. Specifically, Plaintiff states that his access to the law library was decreased following a telephone conversation on March 4, 2016, between defense counsel and the OSP law librarian. Dkt. 191 ¶¶ 5-6. Defendants explain that the OSP updated its rules regarding inmate access to the law library on March 7, 2016. Dkt. 205 ¶ 4; *Id.* at 37. "Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985). Even with the rule changes, Plaintiff used the law library for 32 hours during March and for 22 hours during April. Dkt. 216 ¶ 2.

At present, Plaintiff makes no showing of actual injury as required by *Lewis*. Plaintiff does not allege, for example, that "a complaint he was prepared was dismissed" or that he was "so stymied" by OSP law library rules that "he was unable even to file a complaint" or other pleading that was nonfrivolous. *Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002). If Plaintiff has a claim regarding his constitutional right of access to the courts, such claim is not yet ripe. The Court notes that Plaintiff's responses to Defendants' motions for summary judgment are due July 18, 2016. Dkt. 209. Defendants state that the updated OSP law library rules include increased access to the law library during the 30-day period before a court deadline. Dkt. 205 ¶ 4; *Id.* at 37.

Plaintiff has not shown a likelihood of success on the merits, or even serious questions going to the merits, of a constitutional claim regarding access to the courts. *See Winter*, 555 U.S. at 20; *Dreyfus*, 697 F.3d at 725. Accordingly, even if Plaintiff's motion for injunctive relief for access to the law library properly was before the Court, the motion likely would be denied.

## B. Medication Regimen

The government has an "obligation to provide medical care to those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Deliberate indifference to serious medical needs constitutes unnecessary and wanton infliction of pain, which is proscribed by the Eighth Amendment. *Id.* at 104. To establish an Eighth Amendment violation under § 1983, a prisoner must satisfy "both the objective and subjective components of a two-part test." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). First, the plaintiff must show that the jail official deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation and quotation marks omitted). Second, he must demonstrate that the jail official "acted with deliberate indifference in doing so." *Id.* (citation and quotation marks omitted). Under this standard, for example, a medical decision to decline ordering an x-ray is not a constitutional violation, but is a matter for medical judgment. *Estelle*, 429 U.S. at 107.

Here, Plaintiff alleges that he is receiving constitutionally-deficient medical care because his pain medication regimen was discontinued. Plaintiff asserts that he has a herniated disc and a vertebra fracture that require him to take medication for severe pain, including Tramadol and Gabapentin. Dkt. 191 ¶ 7; Dkt. 191-1 at 7. According to Plaintiff, following defense counsel's telephone conversation on March 4, 2016, with the OSP law librarian, OSP staff denied Plaintiff his pain medication, resulting in the unnecessary and wanton infliction of pain and the denial of an acceptable medical treatment option. Dkt. 191 ¶¶ 8, 9.

Plaintiff met with Dr. Paulson on January 13, 2016, to discuss a neurosurgical evaluation and recommendation by Dr. Michael J. Kinsman at Oregon Health and Science University. Dkt. 204 at 2, 7-10. Dr. Kinsman opined that surgery is not warranted and that Plaintiff's Gabapentin and Tramadol should be increased. *Id.* at 9. Dr. Paulson agreed that surgery is not

PAGE 7 – OPINION AND ORDER

warranted, but notified Plaintiff that no strong indication for the use of Gabapentin exists and that Plaintiff should expect that his prescription would be soon discontinued. *Id.* at 2, 7. Plaintiff again saw Dr. Paulson on March 10, 2016. *Id.* at 2. At the March 10th appointment, Dr. Paulson explained to Plaintiff that relevant medical guidelines did not recommend Gabapentin for pain relief and ordered that Plaintiff's prescription be discontinued, with his dosage tapered over the course of six weeks.[1] *Id.* at 2-3, 6. According to Plaintiff, he also discussed his Tramadol prescription with Dr. Paulson at the March 10th appointment. Dkt. 214 ¶ 3. Plaintiff's medical records indicate that his Tramadol prescription was discontinued on March 14, 2016. Dkt. 214-1 at 15. Defendants assert that Plaintiff has access to ibuprofen and acetaminophen for pain relief. Dkt. 204 at 3.

The discontinuance of Plaintiff's pain medication in these circumstances likely does not rise to the level of a constitutional infringement. Dr. Paulson determined that discontinuing Plaintiff's prescription for Gabapentin was warranted because no strong indication for its use existed. Plaintiff was provided with over-the-counter pain relief. The prescription of pain medication in these circumstances is not a life necessity. *See e.g., Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (failure to provide local anesthetic for pain does not suffice for an Eighth Amendment claim); *Jackson v. Multnomah County*, 2013 WL 428456, at *4 (D. Or. Feb. 4, 2013) (providing Tylenol instead of narcotic pain medication is not a basis for an Eighth Amendment claim); *Salvatierra v. Connolly*, 2010 WL 5480756, at *20 (S.D.N.Y. Sept. 1, 2010) (providing ibuprofen instead of Percocet does not deprive an inmate of one of life's necessities); *Fields v. Roberts*, 2010 WL 1407679, at *4 (E.D. Cal. April 7, 2010) (refusing to prescribe

---

[1] Plaintiff asserts that he had no such conversations with Dr. Paulson and that his medical records have been falsified. Dkt. 213 ¶¶ 2, 5, 8. The Court does not find this assertion to be credible.

narcotic pain medication even when an outside doctor recommended it is a difference in medical opinion on the proper course of treatment and is not a basis for an Eighth Amendment claim).

Jail and prison officials have broad discretion to determine medical care, and an inmate is not entitled to the treatment he wants. *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970). Differing treatment options are at the reasonable discretion of the medical professionals, and even if the decisions relating to Plaintiff's pain medication are medically erroneous (which is not evident from the record), they likely cannot be characterized as a disregard of an excessive risk of inmate health. *Snipes*, 95 F.3d at 591; *see also Estelle*, 429 U.S. at 107.

Plaintiff has not shown a likelihood of success on the merits, or even serious questions going to the merits, of a constitutional claim regarding deliberate indifference to serious medical needs. *See Winter*, 555 U.S. at 20; *Dreyfus*, 697 F.3d at 725. Accordingly, Plaintiff's motion for injunctive relief regarding the re-institution of his former regimen of pain medication is denied.

## CONCLUSION

Plaintiff's "Motion to Continue Plaintiff on His Previous Regimen of Medical and Full Access to the Law Library" (Dkt. 189) is DENIED.

**IT IS SO ORDERED.**

DATED this 6th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 9 – OPINION AND ORDER